# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 12, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TRACY E. HOPKINS,**
**Claimant Below, Petitioner**

**vs.)    No. 13-1252**  (BOR Appeal No. 2048590)
                    (Claim No. 2010108648)

**PARKERSBURG BEDDING, LLC,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Tracy E. Hopkins, by George Zivkovich, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Parkersburg Bedding, LLC, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated November 22, 2013, in which the Board affirmed a June 28, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 22, 2012, decision denying Mr. Hopkins's request to reopen his claim for further consideration of temporary total disability benefits. Additionally, the Office of Judges affirmed the claims administrator's September 28, 2012, decision denying Mr. Hopkins's request for authorization of chiropractic care and a cervical spine MRI. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Hopkins injured his back and left shoulder on September 22, 2009, when he was struck by a mattress while working on an assembly line. The claim was subsequently held compensable for cervical, thoracic, lumbar, and left shoulder sprains. Following the injury, Mr. Hopkins sought treatment with Tom Herrmann, M.D. On October 20, 2009, Dr. Herrmann work with no restrictions. On October 19, 2011, Mr. Hopkins again sought treatment from Dr.

1

Herrmann, who noted that Mr. Hopkins reported that the September 22, 2009, injuries had reoccurred three months after he returned to work. On April 13, 2012, Mr. Hopkins began treating with Steven Eddy, D.C., who noted that Mr. Hopkins reported sustaining a work-related injury in 2009 and was experiencing neck, mid back, low back, and left shoulder pain after feeling a pop in his lower back and left sacroiliac region. Mr. Hopkins further reported that his current condition arose as a result of repetitive use.

On May 20, 2012, Mr. Hopkins filed an application to reopen his claim for further consideration of temporary total disability benefits. On June 5, 2012, Sushil Sethi, M.D., performed an independent medical evaluation. Dr. Sethi opined that Mr. Hopkins sustained soft tissue injuries to his neck, back, and left shoulder on September 22, 2009, that had resolved long ago, and further opined that Mr. Hopkins's current symptomology is unrelated to the September 22, 2009, injury. On June 22, 2012, the claims administrator denied Mr. Hopkins's request to reopen his claim for further consideration of temporary total disability benefits. On September 28, 2012, the claims administrator denied Mr. Hopkins's request for authorization of chiropractic care and authorization of a cervical MRI. On April 4, 2013, Dr. Eddy was deposed. He testified that diagnostic imaging revealed disc bulges and degenerative changes throughout Mr. Hopkins's cervical spine, which he attributed to the aggravation of the September 22, 2009, injuries. Further, he testified that Mr. Hopkins was temporarily and totally disabled as a result of the September 22, 2009, injury from April 13, 2012, through August 13, 2012.

In its Order affirming the June 22, 2012, and September 28, 2012, claims administrator's decisions, the Office of Judges held that the evidence of record fails to demonstrate that Mr. Hopkins's current symptoms are related to the compensable injury that occurred on September 22, 2009, and that he is therefore not entitled to a reopening of his claim for further consideration of temporary total disability benefits and is also not entitled to the requested medical treatment. Mr. Hopkins disputes these findings and asserts that the evidence of record demonstrates that an aggravation of the September 22, 2009, injury has occurred and he is therefore entitled to the requested medical benefits and a reopening of his claim for further consideration of temporary total disability benefits.

As noted by the Office of Judges, despite Mr. Hopkins's assertion that his symptoms returned three months after he returned to work, he did not seek medical treatment until approximately two-and-a-half years after the compensable injury. The Office of Judges also noted that the compensable diagnoses in the instant claim consist only of sprains and strains and on October 20, 2009, it was determined that Mr. Hopkins had completely recovered from these injuries. On June 5, 2012, Dr. Sethi also concluded that Mr. Hopkins had completely recovered from the compensable injuries. Further, the Office of Judges took note of Dr. Eddy's April 13, 2012, treatment note reporting that Mr. Hopkins experienced an onset of pain following a pop in his lower back. Finally, the Office of Judges found that it is unreasonable to attribute the symptoms Mr. Hopkins presented with in 2011 to sprains and strains that occurred in 2009. Therefore, the Office of Judges found that the request to reopen the claim for further consideration of temporary total disability benefits and the requested medical benefits are unrelated to the 2009 compensable injury, which has fully resolved. The Board of Review

2

reached the same reasoned conclusions in its decision of November 22, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 12, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II